IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMED DEM DIALLO, | : | |
|     Petitioner, | : | 1:17-cv-1378 |
| | : | |
|     v. | : | Hon. John E. Jones III |
| | : | |
| CLAIR DOLL, WARDEN, YORK COUNTY PRISON, | : | |
| | : | |
|     Respondent. | : | |

## MEMORANDUM

### September 18, 2017

Mohamed Dem Diallo ("Diallo"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on August 3, 2017, seeking release from mandatory detention. (Doc. 1).

He seeks to proceed in forma pauperis. (Doc. 4). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4, and, for the reasons set forth below, the petition will be denied.

## I. Factual Background

Diallo, a native and citizen of Guinea, "presented himself at the United States border on or around December 24, 2016 to request Asylum." (Doc. 1, p. 3). On May 17, 2017, he appeared before an Immigration Judge ("IJ") and, on June

29, 2017, his Application for Asylum, Withholding of Removal was denied and he was ordered removed from the United States. (*Id.*) Thereafter, Diallo filed an appeal with the Board of Immigration Appeals ("BIA). (*Id.*) The appeal is currently pending. (*Id.*)

## II. Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of aliens on bond, § 1226 (c)(1) states that "[t]he Attorney General shall take into custody any alien who– (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1). Aggravated felonies fall under § 1226(a)(2)(A)(iii).

Because Diallo was taken into ICE custody December 24, 2016, he cannot assert a claim of unreasonably prolonged detention in violation of the Due Process

Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *Diop*, 656 F.3d at 231.

In the matter *sub judice*, Diallo has been mandatorily detained for less than nine months. Based on the appeal pending before the BIA, it is clear that the June 29, 2017 order of removal is not administratively final and that Diallo's detention is authorized by 8 U.S.C. § 1226(c). Diallo alleges no facts to show that his continued detention, is or will become unreasonably prolonged or indefinite. At this juncture, his detention is both mandatory and constitutionally permissible, and his petition for release from custody will be denied.

An appropriate order will enter.